NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHETAN THAKAR, | : | |
| Plaintiff, | : : : | Civil Action No. 07-3517 (SRC) |
| v. | : : | **OPINION** |
| HERBERT J. TAN, ESQ., MARK MANTA, ESQ., GERALD J. RESNICK, ESQ., JONATHAN NIRENBERG, ESQ., AND THE COMMUNITY HOSPITAL GROUP INC. t/a JFK MEDICAL CENTER, | : : : : : : : | |
| Defendants. | : | |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion to dismiss filed by Defendant The Community Hospital Group Inc. t/a JFK Medical Center ("JFK"), pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket item #9]. The Court has considered the parties' submissions in support of and in opposition to this motion, and, pursuant to Federal Rule of Civil Procedure 78, rules on the motion based on the papers submitted. For the reasons that follow, the Court grants the motion and dismisses the action as to Defendant JFK.

1

## I. BACKGROUND

Plaintiff Chetan Thakar ("Plaintiff") initiated this lawsuit on July 30, 2007 by filing a two-count Complaint for (1) legal malpractice committed by Defendants Herbert J. Tan, Esq., Mark Manta, Esq., Gerald J. Resnick, Esq., and Jonathan Nirenberg, Esq. ("Defendant Attorneys") and (2) conspiracy between JFK and Defendant Attorneys.

The background for the present dispute stems from Plaintiff's termination as Chief Resident with JFK on May 4, 1998, which allegedly occurred "without any hearing or grievance redressal process[.]" (Compl. ¶ 13.) Beginning in August 2003, Plaintiff pursued this course of litigation against JFK in both federal and state court and has appealed adverse rulings to the respective higher courts. Thakar v. JFK Med. Ctr., 149 Fed. App'x 53 (3d Cir. 2005) (affirming district court's dismissal of Plaintiff's claims of breach of Residency Agreement, discrimination, and fraudulent tampering with test results); Thakar v. JFK Med. Ctr., No. A-1337-06, 2007 WL 1498816 (N.J. Super. App. Div. May 24, 2007) (affirming state trial court's dismissal of Plaintiff's breach of contract claim), certif. denied, 192 N.J. 478 (2007). Plaintiff has retained and dismissed at least six attorneys, including all four Defendant Attorneys, at various points throughout this litigation process.

On July 30, 2007, Plaintiff filed the Complaint presently before this Court alleging malpractice on behalf of Defendant Attorneys and conspiracy between JFK and Defendant Attorneys. Plaintiff alleges "strong circumstances of conspiracy" between Defendants Attorneys and JFK, reasoning that all of the attorneys Plaintiff retained in his course of litigation against JFK have committed malpractice. (Compl. ¶ 38.) Plaintiff asserts, based on the alleged common malpractice, that JFK approached the Defendant Attorneys individually and influenced them to

2

prejudice his claims against JFK. (Compl. ¶ 38.) Plaintiff seeks $14,500,000 in damages not awarded in his previous suits, and $72,500,000 in punitive damages. In response to these allegations, on September 13, 2007, JFK filed a motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) as to JFK only.

## II.     Discussion

### A. Standard of Review

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). In reviewing the motion, a court must draw all reasonable inferences in favor of the non-moving party. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). Even if it appears "that a recovery is very remote and unlikely[,]" the complaint may proceed. Scheuer, 416 U.S. at 236. To survive a motion to dismiss, the complaint need not provide detailed factual allegations. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). However, the Court is not obligated to give credence to bald assertions or legal conclusions presented as factual allegations. Id. at 1965; In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).

### B. Legal Analysis

JFK argues that the Complaint should be dismissed because it does not meet the pleading standard of Federal Rule Civil Procedure 8(a), as it lacks sufficient factual detail. Specifically, JFK contends that the Complaint does not allege facts that reasonably bear out the existence of a conspiracy and instead rests on bare conclusory allegations. In contrast, Plaintiff urges that the

string of legal malpractice he experienced provides a sufficient basis for his allegation of conspiracy, contending that the odds of all of Plaintiff's attorneys committing malpractice while representing him in his litigation against JFK are "so astronomically high" that the only inference that can be drawn is that JFK conspired with the Defendant Attorneys and improperly influenced them to commit malpractice. (Pl.'s Br. 4.)

The Supreme Court recently addressed the level of specificity required for a complaint to survive a 12(b)(6) motion to dismiss in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007). In addressing a claimed antitrust conspiracy, the Court revisited and overturned earlier precedent regarding required factual allegations under the pleading standard.[1] Bell Atlantic requires that, while factual allegations in a complaint must be taken as true, those allegations must "raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Id. at 1965. The factual allegations in a complaint must therefore be consistent with the Plaintiff's cause of action, and, more importantly, must affirmatively suggest that the grounds for recovery are plausible. Id. Under this standard, conclusory allegations and "formulaic recitals of the elements of a cause of action" fail in the face of a 12(b)(6) motion to dismiss. Id. "[A] naked assertion of conspiracy . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 1966 (internal quotations omitted).

---

[1] Prior to Bell Atlantic, the controlling precedent was articulated in Conley v. Gibson, 355 U.S. 41, 47 (1957). In Conley, Justice Black wrote that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46. In Bell Atlantic, the Court criticized Conley, explaining that the above language may be read as providing an excessively liberal pleading standard, so it has "earned its retirement." Bell Atl., 127 S. Ct. at 1969.

The complaint before the Bell Atlantic Court alleged parallel conduct and lack of competition as the grounds for a claim of conspiracy in violation of antitrust law. Id. at 1962-63. The Court held that a claim of conspiracy in violation of § 1 of the Sherman Act must be substantiated by a "complaint with enough factual matter (taken as true) to suggest that an agreement was made." Id. at 1965. The alleged parallel conduct was held insufficient to suggest a conspiracy, because it was possible that the defendants had not aggressively expanded into new areas of competition in the hope that their competitors would similarly not encroach on the areas they had traditionally controlled. Id. at 1972 (noting that "a natural explanation for the noncompetition alleged is that the former Government-sanctioned monopolists were sitting tight, expecting their neighbors to do the same thing"). While Bell Atlantic addressed a conspiracy claim in the context of antitrust law, the guidelines the Court set forth are of general application and are of use in addressing the sufficiency of a general conspiracy claim in the face of a motion to dismiss. It is apparent that the Court's holding extends beyond antitrust law, as Bell Atlantic explicitly overturned Conley, which was not an antitrust case. Bell Atl., 127 S. Ct. at 1969; cf. Iqbal v. Hasty, 490 F.3d 143, 155-58 (2d Cir. 2007) (examining various indicators in Bell Atlantic as to the intended parameters of its holding and concluding that the Court is "requiring a flexible 'plausibility standard,' which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*").

In the case at hand, Plaintiff alleges that JFK conspired with and unduly influenced Defendant Attorneys to mismanage his suit. Plaintiff rests this allegation on the failure of any of his attorneys to prevail against JFK. Plaintiff alleges no other facts in support of his theory of a conspiracy between Defendant Attorneys and JFK. Absent further factual allegations in support

of Plaintiff's theory of conspiracy, the possibility of conspiracy does not rise above the level of conjecture.  See Bell Atl., 127 S. Ct. at 1966 (quoting in an explanatory citation DM Research, Inc. v. College of American Pathologists, 170 F.3d 53, 56 (1st Cir.1999) ("terms like 'conspiracy' or even 'agreement,' are border-line: they might well be sufficient in conjunction with a more specific allegation – for example identifying a written agreement or even a basis for inferring a tacit agreement, . . . but a court is not required to accept such terms as a sufficient basis for a complaint")).  As the factual allegations contained in the Complaint are insufficient to suggest a conspiracy between JFK and the Attorney Defendants in light of Bell Atlantic, the conspiracy count of the Complaint cannot survive Defendant JFK's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**III.   CONCLUSION**

For the reasons set forth above, the Court grants Defendant JFK's motion to dismiss, dismissing with prejudice Plaintiff's Complaint as to JFK only.  An appropriate form of Order will be filed together with this opinion.

   s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: November 19, 2007